UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TERRY SCHULZE,

      *Plaintiff-Appellant,*

and

STEVE WELLS,

      *Party in Interest,*

v.

MERITOR AUTOMOTIVE, INCORPORATED,
      *Defendant-Appellee.*

No. 00-1779

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Max O. Cogburn, Magistrate Judge.
(CA-99-4-1-C)

Argued: May 10, 2001

Decided: June 21, 2001

Before NIEMEYER and GREGORY, Circuit Judges, and
Arthur L. ALARCON, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Geraldine Sumter, FERGUSON, STEIN, WALLAS, ADKINS, GRESHAM & SUMTER, P.A., Charlotte, North Carolina,

for Appellant. Margaret Hutchins Campbell, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., Atlanta, Georgia, for Appellee. **ON BRIEF:** A. Bruce Clarke, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Terri Schulze appeals the district court's order granting summary judgment in favor of her former employer, Meritor Automotive, Inc. ("Meritor") in her civil action arising out of alleged acts of sexual harassment committed by the plant manager at Meritor's factory in Fletcher, North Carolina. Schulze's complaint alleged unlawful retaliation under federal and state law and state-law claims for negligent retention and negligent and intentional infliction of emotional distress. After a careful review of the record and consideration of the parties' arguments, we find no reversible error.

In affirming for substantially the same reason offered by the magistrate judge,*see *Schulze v. Meritor Automotive*, No. 1:99CV4-C (W.D.N.C. May 26, 2000), we make the following additional observations. First, with regard to her Title VII retaliation claim, Schulze offered evidence of only one act by Meritor Automotive — its failure to grant her exempt status with better pay and benefits — that could arguably constitute an "adverse employment action" under Title VII. *See Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001). But even with regard to that claim, Schulze failed to provide evidence to rebut as pretextual the legitimate, nondiscriminatory reason offered by Meritor for its action — that the position had been classified as

---

*This case was decided by a magistrate judge upon consent of the parties under 28 U.S.C. § 636(c).

nonexempt at the time the position was created, well before Schulze complained of harassment and that the nonexempt status actually benefited Schulze. *See Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989).

Second, North Carolina does not recognize a cause of action for discriminatory retaliation that does not result in a discharge. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (holding that the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 *et seq.*, does not create a private cause of action). Moreover, any state-law claim involving retaliation would fail for the same reason as the Title VII-based claim. *See N.C. Dep't of Corr. v. Gibson*, 301 S.E.2d 78, 82 (N.C. 1983) (North Carolina "look[s] to federal decisions for guidance in establishing evidentiary standards and principles of law to be applied in discrimination cases").

Finally, Schulze has not provided sufficient evidence to proceed with her other state-law claims. Even when the evidence in the record is construed in a light most favorable to Schulze, the plant manager's actions did not "exceed all bounds usually tolerated by a decent society" and did not give rise to an intentional infliction of emotional distress claim. *Stanback v. Stanback*, 254 S.E.2d 611, 622 (N.C. 1979). In addition, Schulze has made no showing that the acts of which she complains were attributable to Meritor under the agency principles established by North Carolina law or that Meritor's negligence caused these acts. *See Vaughn v. N.C. Dep't of Human Res.*, 252 S.E.2d 792, 795 (N.C. 1979); *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 & n.4 (4th Cir. 1991) (interpreting North Carolina law); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 793-808 (1998) (discussing the relevance of common-law agency principles to the issue of vicarious employer liability under Title VII).

Accordingly, the judgment of the district court is

*AFFIRMED.*